NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3103

LEWIS R. BAXTER, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Lewis R. Baxter, Jr., of Gainesville, Florida, pro se.

Dawn S. Conrad Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

07-3103

LEWIS R. BAXTER, JR.,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: July 10, 2007

_____

Before MICHEL, Chief Judge, LOURIE and BRYSON, Circuit Judges.

PER CURIAM

DECISION

Lewis R. Baxter, Jr. ("Baxter") appeals from the final decision of the Merit Systems Protection Board ("Board") affirming his removal from the Department of Veterans Affairs. Baxter v. Dep't of Veterans Affairs, AT-1221-06-0158-W-1 (M.S.P.B. Aug. 4, 2006) ("Initial Decision"). Because the Board's conclusions are supported by substantial evidence and are otherwise not contrary to law, we affirm.

BACKGROUND

On September 22, 2002, Baxter was appointed to the position of Chief of Psychiatry Service at the VA Medical Center in Gainesville, Florida. His appointment was subject to his completion of a two-year probationary period. In 2003, staff

members filed numerous complaints against Baxter alleging that he had created a hostile work environment as a result of his demeaning behavior toward nurses and other subordinate staff members. Dr. Elwood Headley ("Headley"), the director responsible for overseeing the Gainesville VA medical center, appointed an Administrative Investigation Board ("AIB"), which consisted of three health care professionals, to investigate the claims. On April 10, 2003, Baxter was relieved of his duties as Chief of Psychiatry Services and was detailed to the research department during the investigation. The AIB determined that Baxter had created a hostile work environment, which "severely damaged the operations" at the psychiatric department in Gainesville, and recommended his separation from the department. Id. at 5.

Upon receiving the AIB report, Dr. Headley further appointed a Summary Review Board ("SRB"), which consisted of three physicians and a technical advisor, to evaluate Baxter's performance during his probationary period. The SRB based its evaluation on the AIB report and testimony from Baxter, as well as other staff members. The SRB concluded that Baxter's "performance was deficient as a manager" and likewise recommended separation. Id. at 6. On September 23, 2003, Dr. Headley approved the SRB's recommendation to remove Baxter from his position. Baxter was informed by letter that his separation was effective as of October 18, 2003.

In July 2003, Baxter filed a complaint requesting corrective action from the Office of Special Counsel. He later asserted that his removal was taken in reprisal for a protected disclosure he made to his immediate supervisor, Dr. Michael Good, and to the Office of Inspector General ("OIG"), regarding possible illegal activity in the healthcare program for homeless veterans. On September 27, 2005, the OSC informed Baxter

that it was terminating its inquiry upon concluding that there was insufficient evidence to support his claim. On November 30, 2005, Baxter filed an Individual Right of Action appeal to the Board.

The Administrative Judge ("AJ") found that Baxter adduced preponderant evidence that he had made a protected disclosure under 5 U.S.C. § 2303(b)(8). The AJ further found that his removal constituted a personnel action as defined under 5 U.S.C. § 2303(a)(2)(A), and that Baxter properly exhausted his remedies through the OSC. The AJ concluded, however, that the agency demonstrated by clear and convincing evidence that Baxter's removal would have taken place regardless of the protected activity. Id. at 9.

Baxter appealed the AJ's decision to the full Board, which denied his petition for review, thereby rendering the AJ's decision final. See 5 C.F.R. § 1201.113(b). Baxter timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Baxter argues that the AJ erred in denying his motion for continuance, which he sought in order to produce witnesses who would have testified that the reason for his removal, a hostile work environment, was merely pretextual.

Baxter further assigns error to the AJ's conclusion that the decision to remove was made by Dr. Headley and that he lacked actual knowledge of the whistleblowing activity. According to Baxter, Frederick L. Malphurs, the Director of the North Florida/South Georgia Veterans Health Systems, was the actual decision-maker who made the decision to remove as an act of retaliation because of Baxter's whistleblowing activity. Lastly, Baxter contends, without further elaboration, that the AJ made errors of law with regard to his "contributing factor" analysis and the application of the clear and convincing standard.

The government responds that Baxter's contentions are without merit. With regard to the motion for continuance, the government asserts that Baxter withdrew his request for a hearing, and thus the AJ properly denied Baxter's motion for continuance. Additionally, the government argues that the AJ made proper findings regarding Dr. Headley's constructive knowledge of the disclosures and the decision to remove, which are supported by substantial evidence in the record. Lastly, the government argues that the AJ did not make any legal errors in reaching its conclusion.

We agree with the government. Baxter's assertion that the AJ erred by precluding him from producing witnesses is belied by the record which shows that a hearing was cancelled at Baxter's request. On June 20, 2006, the AJ issued an order indicating that Baxter "withdrew his request for a hearing and [that] the case will be adjudicated on the basis of the written record." As such, we find no error in the AJ's decision denying his motion for continuance.

We further agree that the Board properly concluded that Baxter was not entitled to corrective action. In order to "establish a prima facie case of retaliation for

07-3103                                    -4-

whistleblowing activity, an employee must show both that [he] engaged in whistleblowing activity by making a disclosure protected under 5 U.S .C. § 2302(b)(8) and that the protected disclosure was a contributing factor in a personnel action." Briley v. Nat'l Archives & Records Admin., 236 F.3d 1373, 1378 (Fed. Cir. 2001). Once a prima facie case has been established, "corrective action must be ordered unless 'the agency demonstrates by clear and convincing evidence that it would have taken the same personnel action in the absence of such disclosure.'" Id. (citations omitted).

Here, the AJ determined that even if Baxter made a prima facie case of retaliation, the agency met its burden of proving by clear and convincing evidence that Baxter would have been removed in the absence of the protected disclosure. Thus, Baxter's challenge to the Board's factual determinations regarding the decision making process is not persuasive. In reaching the conclusion that the removal would have taken place regardless of the protected disclosure, the AJ considered the record evidence, including the findings and recommendations of two independent panels that determined that Baxter's "managerial performance was both improper and inadequate." Id. at 6. Because the Board properly found that the agency proffered clear and convincing evidence that Baxter would have been removed even in the absence of the protected disclosure, Baxter is not entitled to relief.

Lastly, we find no basis to conclude that the AJ erred in applying the clear and convincing standard. Indeed, the AJ noted that clear and convincing evidence, as set forth in 5 C.F.R. § 1209.4(d), is "that measure or degree of proof that produces in the mind of the trier of fact a firm belief as to the allegations sought to be established," and

determined that the agency's evidence met that standard. Accordingly, because Baxter

fails to identify any reversible error, we <u>affirm</u>.